IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

ALISON BENNETT,                     )
                                    )
      Plaintiff,                    )
                                    )   No. 4:12-cv-286
vs.                                 )
                                    )
GC SERVICES L.P.,                   )   **JURY DEMAND ENDORSED HEREON**
                                    )
      Defendant.                    )

## COMPLAINT

NOW COMES the Plaintiff, ALISON BENNETT, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, GC SERVICES L.P., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in New Bern, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a limited partnership of the State of Delaware, which is licensed to do business in North Carolina and which has its principal place of business in Wilmington, Delaware.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about June or July of 2012 in attempts to collect the aforementioned alleged debt.

9. Defendant's agents, representatives and/or employees also placed telephone calls to Plaintiff's family members and her co-workers, in further attempts to collect the alleged debt. During those calls, Defendant's agents, representatives and/or employees identified the name of the Defendant without having been requested to do so by Plaintiff's family members or her co-workers. In addition, Defendant's agents, representatives and/or employees disclosed to

Plaintiff's family members and her co-workers that they were attempting to collect an alleged debt from Plaintiff.

10. Defendant's agents, representatives and/or employees had no reason to place telephone calls to Plaintiff's family members or her co-workers, as Defendant already was in possession of valid contact information for the Plaintiff herself.

11. Defendant's agents, representatives and/or employees repeatedly placed telephone calls to Plaintiff at her place of employment after being notified by the Assistant Principal of the school where Plaintiff works not to call Plaintiff at her place of employment again.

12. Defendant's agents, representatives and/or employees threatened to garnish the wages of Plaintiff on at least two occasions, on or about July 17, 2012 and September 22, 2012. However, Defendant did not intend to garnish Plaintiff's wages when the threats were made. To date, Defendant has not filed a lawsuit against Plaintiff in an attempt to collect the alleged debt, does not have a judgment against Plaintiff, and therefore lacks the legal standing to garnish Plaintiff's wages.

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

    b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

c. Communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692b(3);

d. Communicating with Plaintiff at her place of employment after Defendant was advised that her employer did not want her receiving such phone calls while she is working, in violation of 15 U.S.C. § 1692c(a)(3);

e. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

f. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass and with such frequency as to constitute harassment, in violation of 15 U.S.C. § 1692d(5);

g. Representing or implying that nonpayment of the alleged debt would result in the garnishment of Plaintiff's wages where such action was unlawful and/or Defendant did not intend to take such action at the time the statements were made, in violation of 15 U.S.C. § 1692e(4);

h. Threatening to take action that could not legally be taken and/or that was not intended to be taken at the time the statements were made, in violation of 15 U.S.C. § 1692e(5); and

i. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ALISON BENNETT, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

15. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

    a.    Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of N.C. Gen. Stat. § 58-70-105(1);

    b.    Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of N.C. Gen. Stat. § 58-70-105(1);

c. Communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. § 58-70-105(1);

d. Communicating with Plaintiff at her place of employment after Defendant was advised that her employer did not want her receiving such phone calls while she is working, in violation of N.C. Gen. Stat. § 58-70-100(4);

e. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of N.C. Gen. Stat. § 58-70-105(1);

f. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass and with such frequency as to constitute harassment, in violation of N.C. Gen. Stat. § 58-70-100(3);

g. Representing or implying that nonpayment of the alleged debt would result in the garnishment of Plaintiff's wages where such action was unlawful and/or Defendant did not intend to take such action at the time the statements were made, in violation of N.C. Gen. Stat. § 58-70-95(5) and/or (6);

h. Threatening to take action that could not legally be taken and/or that was not intended to be taken at the time the statements were made, in violation of N.C. Gen. Stat. § 58-70-95(7) and/or (8); and

i. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

17. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ALISON BENNETT, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (42021)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com